IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Alvaro Amigon, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 24 C 1934 |
| | ) |
| Old Dominion Freight Line, Inc., | ) |
| | ) |
| Defendant. | ) |

Order

Alvaro Amigon brought this suit against Old Dominion Freight Line, Inc. ("Old Dominion"), alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 Ill. Comp. Stat. 14/1 *et seq*. On June 28, 2024, I ordered the parties to file briefs addressing the impact on this litigation of a pending bill that sought to amend BIPA. That bill was signed into law as Public Act 103-0769 ("PA 103-0769") on August 2, 2024. It adds the following language to BIPA section 20 (the provision which grants a right of action under the statute):

> (b) For purposes of subsection (b) of Section 15, a private entity that, in more than one instance, collects, captures, purchases, receives through trade, or otherwise obtains the same biometric identifier or biometric information from the same person using the same method of collection in violation of subsection (b) of Section 15 has committed a single violation of subsection (b) of Section 15 for which the aggrieved

> person is entitled to, at most, one recovery under this Section.
>
> (c) For purposes of subsection (d) of Section 15, a private entity that, in more than one instance, discloses, rediscloses, or otherwise disseminates the same biometric identifier or biometric information from the same person to the same recipient using the same method of collection in violation of subsection (d) of Section 15 has committed a single violation of subsection (d) of Section 15 for which the aggrieved person is entitled to, at most, one recovery under this Section regardless of the number of times the private entity disclosed, redisclosed, or otherwise disseminated the same biometric identifier or biometric information of the same person to the same recipient.

PA 103-0769.[1]

The parties disagree over whether PA 103-0769 applies to this case, since it was signed into law after the relevant alleged conduct and after filing of the complaint. For the reasons explained in *Gregg v. Central Transport LLC*, No. 24 C 1925 (N.D. Ill.), in which I considered that question in virtually identical circumstances, PA 103-0769 applies in this case. *See Gregg*, No. 24 C 1925 (N.D. Ill. Nov. 13, 2024), ECF 53.

As in *Gregg*, application of PA 103-0769 dooms Amigon's basis for diversity jurisdiction because it precludes him from recovering more than $75,000 in this suit, as required by 28 U.S.C. § 1332(a). Specifically, Amigon is entitled to a single recovery of, at most, $5,000 in liquidated damages for his BIPA section

---

[1] The text of PA 103-0769 is available at: https://www.ilga.gov/legislation/publicacts/fulltext.asp?name=103-0769.

15(a) claim,[2] plus two additional liquidated damages awards of $5,000 each for his sections 15(b) and 15(d) claims. That totals $15,000, well short of the jurisdictional minimum. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (no jurisdiction where it "appear[s] to a legal certainty" that the plaintiff cannot recover the minimum required amount).

Neither the allegations nor the arguments raised by the parties distinguish this case from *Gregg*. Accordingly, Amigon's suit is dismissed without prejudice for lack of subject-matter jurisdiction. In light of this dismissal, Old Dominion's motion to stay proceedings is denied as moot.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: November 15, 2024

---

[2] As explained in *Gregg*, section 15(a) countenances only a single possible violation, rather than potentially recurring violations like those addressed by sections 15(b) and 15(d). *See Gregg*, No. 24 C 1925 (N.D. Ill. Nov. 13, 2024), ECF 53 at 8 n.3.

3